**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| STATE OF INDIANA, )<br>)<br>Plaintiff, )<br>v. )   No. 1:09-cv-296-DFH-DML<br>)<br>SIMBA KIMONI-BEY, )<br>)<br>Defendant. ) | |

**Entry Discussing Motion to Remand**

Plaintiff Simba Kimoni-Bey has filed a notice of removal relating to an ongoing criminal prosecution against him identified as No. 29D04-0902-CM0923 in the Hamilton County Municipal Court (hereafter "the state action"). The State of Indiana has filed a motion to remand the state action.

For the reasons explained in this Entry, the motion to remand must be **granted.**

**Discussion**

The removal of a state criminal prosecution to federal court is authorized under certain narrow circumstances.

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

28 U.S.C. § 1443(1).

The Supreme Court established a two-part test for Section 1443(1) removal petitions in *Johnson v. Mississippi,* 421 U.S. 213 (1975): "First, it must appear that the right

allegedly denied the removal petitioner arises under a federal law `providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)). A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for removal. *Id.* Second, it must appear "that the removal petitioner is `denied or cannot enforce' the specified federal rights `in the courts of [the] State.'" *Id.* (quoting 28 U.S.C. § 1443(1) (1988)).

Here, as in *Colorado v. Lopez,* 919 F.2d 131 (10th Cir. 1990), the plaintiff seeking removal asserts only that the state court has erred or may err in its rulings. This will not satisfy the first portion of the *Johnson* test. *Johnson,* 421 U.S. at 219. Here, as in *Smith v. State of Indiana,* 622 F.Supp. 973 (N.D.Ind. 1985), a state criminal defendant seeks to remove a state criminal action, but fails entirely to suggest any racial basis for the anticipated deprivation of his rights. The vindication or protection of statutes or constitutional provisions concerning general rights applicable to all citizens, rather than couched in the specific language of racial equality, will not provide a basis for removal under 28 U.S.C. § 1443. *Johnson,* 421 U.S. at 219; *State of Wisconsin v. Glick,* 782 F.2d 670, 672 (7th Cir. 1986). In addition, state courts normally are presumed capable of protecting federal constitutional and statutory rights. The fact that Kimoni-Bey's criminal prosecution may have been pending for an extended period of time and the possibility that the state trial court *may have* erred in its resolution of certain issues presented by Kimoni-Bey or present in the prosecution are entirely outside both the language and the purpose of 28 U.S.C. § 1443(1).

The court finds, consistent with 28 U.S.C. § 1446(c)(4), that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." The basis for this finding is that the notice of removal fails to identify a statutory basis on which to proceed with a removal of the pending criminal action. Accordingly, the State of Indiana's motion to remand the state action is **granted** and the summary remand of the state action must be ordered. An order of remand shall now issue, consistent with this Entry.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date:   July 1, 2009